J-S30025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JARON AMBROSE, | : | |
| | : | |
| Appellant | : | No. 1464 EDA 2018 |

Appeal from the PCRA Order, April 19, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0008198-2011.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED JULY 23, 2019**

Jaron Ambrose appeals from the order denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts have been summarized as follows:

> At approximately 1:45 on the afternoon of July 1, 2010, police were called to 4920 Marvine Street in Philadelphia, where two men had been shot. One of the men, Derrick Holley, was pronounced dead later that afternoon, after having been transported to the hospital. Keith Gilbert was wounded but survived the ordeal. While securing the crime scene, police found a semiautomatic handgun with an extended-capacity clip in a trash receptacle on Ruscomb Street.

> Shaquita Morton, who lived at 4920 North Marvine Street at the time of the shooting saw [Ambrose] and a second man approach her porch area, and then saw [Ambrose] shoot Holley and Gilbert as they sat on the steps in front of her and her neighbor's houses. When [Ambrose] pointed

his gun at her, she ran inside her house. She saw [Ambrose] run north toward Ruscomb Street. Shortly before the shooting, she had seen [Ambrose] and an unidentified male walk by her porch area.

Later that night, some individuals from the neighborhood, including Holley's cousin, Robin, were assembled in a vigil. Someone there showed Morton a picture of [Ambrose] on Facebook, and Morton identified him as the shooter. When she was re-interviewed by homicide detectives, she picked [Ambrose's] photograph out of an eight-person photo array.

A firearms expert determined that the spent shell casings found at the scene of the shooting matched the handgun found in [a] trash receptacle [on Ruscomb Street], a Glock-17. Detective Richard Harris testified that he had attempted to find Keith Gilbert, but that he had been unable to secure his attendance at trial.

*Commonwealth v. Ambrose*, 93 A.3d 500 (Pa. Super. 2013), unpublished memorandum at 1-2 (citation omitted).

On December 7, 2012, the jury found Ambrose guilty of first-degree murder and related charges. That same day, the trial court imposed a mandatory sentence of life without parole sentence for the murder conviction. On February 14, 2013, the trial court imposed concurrent sentences on Ambrose's remaining convictions. Ambrose filed a timely appeal to this Court in which he asserted that the trial court erred in failing to *sua sponte* declare a mistrial when a family member of the murder victim threatened a juror. Finding no merit to this claim, we affirmed Ambrose's judgment of sentence on December 4, 2013. *Ambrose*, *supra*. Ambrose did not seek further review.

- 2 -

Ambrose filed a *pro se* PCRA petition on January 13, 2014. In this petition, Ambrose raised multiple ineffective assistance of counsel claims, as well as a claim of after-discovered evidence based upon "confirmed misconduct allegations against [Detectives] James Pitts and Ohmarr Jenkins." *Pro se* PCRA Petition, 1/13/14, at 4. The PCRA court appointed counsel, and PCRA counsel filed an amended petition on March 13, 2015. On May 28, 2015, the PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss Ambrose's PCRA petition as meritless. On June 11, 2015, Ambrose filed a response letter that he had originally addressed to PCRA counsel. By order entered June 26, 2015, the PCRA court dismissed Ambrose's PCRA petition.

Ambrose filed a timely appeal to this Court in which he claimed the PCRA court erred in denying his ineffectiveness claims and in failing to award him a new trial based upon the after-discovered evidence of alleged police misconduct. We found all of these claims meritless, and affirmed the denial of post-conviction relief. **Commonwealth v. Ambrose**, 2017 WL 331249, \_\_\_\_ A.3d \_\_\_\_ (Pa. Super. 2017) (unpublished memorandum). On November 16, 2017, our Supreme Court denied Ambrose's petition for allowance of appeal. **Commonwealth v. Ambrose**, 174 A.3d 569 (Pa. 2017).

On December 29, 2017, Ambrose filed the counseled PCRA petition at issue.[1] On March 8, 2018, the PCRA court issued Rule 907 notice of its

_____

[1] This filing is actually Ambrose's third petition. On October 22, 2015, Ambrose filed a *pro se* PCRA petition in which he raised additional claims of

intention to dismiss this petition without a hearing because the claims raised therein were meritless. Ambrose filed a response on March 20, 2018. By order entered April 19, 2018, the PCRA court denied Ambrose post-conviction relief. This appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Ambrose raises the following issues on appeal:

1. Did the PCRA court err by dismissing Ambrose's petition without a hearing where he adequately pleaded the newly discovered evidence exception to the PCRA's time bar?

2. Did the PCRA court err by holding that Ambrose's after discovered evidence claim was without merit?

3. Did the PCRA court err by refusing to specify in its Rule 907 notice the reasons for its intended dismissal of Ambrose's petition?

**See** Ambrose's Brief at 2. We address these claims together.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not

---

trial counsel's ineffectiveness as well as claims alleging the ineffective assistance of PCRA counsel. It appears the PCRA court did not act on this petition since Ambrose's appeal of the denial of his first petition was pending in this Court. We note that the PCRA court could have addressed the 2017 petition despite the existence of a prior petition. **See generally**, **Commonwealth v. Montgomery**, 181 A.3d 359 (Pa. 2018) (*en banc*).

be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Before addressing the merits of Ambrose's issues, we must first determine whether the PCRA court correctly concluded that Ambrose's serial PCRA petition was untimely filed.

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2] 42 Pa.C.S.A. § 9545. A PCRA petition

---

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii)

invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **See Hernandez**, 79 A.3d 651-52 (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2).[3] Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Here, because Ambrose did not seek further review once we affirmed his judgment of sentence on December 4, 2013, his judgment of sentence became final thirty days thereafter, or on January 3, 2014. **See** 42 Pa.C.S.A. § 9545(b)(3). Thus, Ambrose had until January 4, 2015, to file a timely PCRA petition. As he filed the petition at issue in 2017, it is untimely, unless Ambrose has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

---

[3] Our legislature recently amended this section of the PCRA to provide petitioners one year to file a petition invoking at time-bar exception. **See** Act of 2018, October 24, P.L. 894, No. 146. This amendment does not apply to Ambrose's serial petition.

As noted above, Ambrose claims he meets the PCRA's time-bar exception for newly discovered facts.[4] This Court has summarized:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations and quotation marks omitted).

Stated differently, subsection 9545(b)(1)(ii)

> "has two components that must be alleged and proved. Namely, the PCRA petitioner must establish that: 1) the

---

[4] Within its brief, the Commonwealth provides no timeliness analysis, focusing instead on the test for after-discovered evidence. *See* Commonwealth's Brief at 5-8.

**facts** upon which the claim is predicated were **unknown** to him and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Id.*, at 176-77 (*quoting Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis in original).

In support of his claim that he has satisfied the newly discovered fact exception to the PCRA's time bar, Ambrose argued, "it has been revealed that Detective Pitts has a habitual pattern, practice, and routine of coercing witnesses into signing false statements. PCRA Petition, 12/29/17, at 8. As proof, Ambrose attached a November 3, 2017 newspaper article that discussed a different case, *Commonwealth v. Dwayne Thorpe*, CP-51-CR-0011433-2008, in which the PCRA court vacated Thorpe's conviction and ordered a new trial based upon Detective Pitts' pattern of behavior in that case. *Id.*[5] In addition, Ambrose has filed a reproduced record in which he includes the notes of testimony involving Detective Pitts behavior from the PCRA hearing in the *Thorpe* case, as well as similar testimony from the PCRA hearing in an earlier Philadelphia case.

This argument fails, however, because we dismissed a similar claim when affirming the denial of Ambrose's first PCRA petition. In addressing

---

[5] On May 3, 2019, this Court granted Ambrose permission to file a supplemental reproduced record. This filing is a March 27, 2019 newspaper article that rather than scheduling a new trial for Thorpe, the Philadelphia District Attorney sought to "drop the charges, and the judge granted the request." *See* Ambrose's Supplemental Record at 1-3.

Ambrose's reliance upon a newspaper article about the allegations involving Detective Pitts, we found that, without more, Ambrose had not established his after-discovered evidence claim. ***Ambrose***, unpublished memorandum at 13 (citing ***Commonwealth v. Castro***, 93 A.3d 818 (Pa. 2014)).

Although Ambrose acknowledges the filing of his first PCRA petition, he does not address how this Court's rejection of his prior allegation of Detective Pitts' conduct affected his ability to establish an exception to the PCRA's time bar. Because Ambrose raised this claim in a prior PCRA petition, he cannot establish that the "fact" upon which he based his 2017 PCRA petition was unknown to him.

Although Ambrose claims he now has further proof of Detective Pitts' misconduct, this Court also previously found that Ambrose could not establish due diligence. Coincidentally, we based our decision on the trial testimony of Ms. Johnson, the only witness actually interviewed by Detective Pitts in Amrbose's case, and the present basis of Ambrose's "newly-discovered facts" claim. This Court cited a portion of Ms. Johnson's trial testimony, in which she recounted that she was threatened, to conclude that Ambrose "does not explain why any testimony regarding possible police misconduct could not have been obtained before the conclusion of trial by the exercise of reasonable diligence.'" ***Ambrose***, unpublished memo at 14; ***see also Commonwealth v. Sanchez***, 204 A.3d 524, 527 (explaining PCRA petitioner did not explain

how newly discovered facts "could not have been ascertained sooner by the exercise of due diligence.")

While Ambrose heavily relies on other cases that detail Detective Pitts' misconduct, he does not proffer new evidence of how Detective Pitts' conduct in this case would warrant post-conviction relief. *See Commonwealth v. Brown*, 134 A.3d 1097, 1109 (Pa. Super. 2016) (explaining that allegations of Detective Pitts' use of coercive tactics in other murder cases did not warrant a new trial where none of the proffered witnesses would provide any new evidence in Brown's case). As noted above, Ms. Johnson testified at trial about Detective Pitts' behavior when he took her statement.[6]

In light of the above, Ambrose cannot establish an exception to the PCRA's time bar. Thus, his 2017 PCRA petition is untimely, and both the PCRA court and this Court have no jurisdiction to consider its merits.[7] *See Hernandez*, *supra*.

---

[6] In his reply brief, Ambrose responds to the Commonwealth's argument regarding Detective Pitts' limited interaction in his case by detailing Detective Pitts' involvement and stating, "if the Commonwealth wants to argue about whether Detective Pitts actually interacted with [the eyewitness], [Ambrose] is certainly willing to engage in that discussion." Ambrose's Reply Brief at 2. Ambrose should have engaged in such a discussion in his principal brief.

[7] In the alternative, we note that, because the issue of Detective Pitts' alleged misconduct was addressed in Ambrose's 2015 PCRA petition, it is previously litigated under the PCRA. 42 Pa.C.S.A. § 9544(a).

The PCRA court found Ambrose's 2017 PCRA petition untimely because he did not file it within sixty days of discovery of the new "fact," *See* PCRA

- 10 -

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/23/19</u>

---

Court Opinion, 4/19/18, at 5-6.  The PCRA court then explained why, even if timely, Ambrose's substantive claim would fail.  Our review of the record, in conjunction with applicable case law, supports the PCRA court's conclusion that Ambrose's claim fails to meet the test for a new trial based upon after-discovered evidence.  **See id.** at 6-11.  **See also Sanchez**, 204 A.3d at 527 n.6 (explaining that even had the jurisdictional threshold been met, the PCRA petitioner would not have been able to prove the substantive claim that the newly-discovered evidence would have changed the outcome of his trial).